UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| RICARDO K. GONZALES, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Case No. |
| v. ) | 5:12-cv-142-JMH |
| ) | |
| DEBORAH A. HICKEY, WARDEN, ) | **MEMORANDUM OPINION** |
| FMC LEXINGTON, ) | **AND ORDER** |
| ) | |
| Respondent. ) | |
| ) | |

\*\*\*

This matter is before the Court on Petitioner's Motion to Alter or Amend this Court's Judgment. [D.E. 22, 23]. The matter being fully briefed, it is now ripe for review.

**I. Procedural Background**

Petitioner filed a Petition requesting a Writ of Habeas Corpus under 28 U.S.C. § 2241. [D.E. 1]. This Court denied Petitioner's request for a writ of habeas corpus [D.E. 19] and dismissed Petitioner's action with prejudice. [D.E. 20]. Petitioner subsequently filed two letters with the Court [D.E. 22, 23], which the Court construes jointly as a Motion to Alter or Amend this Court's earlier Judgment dismissing Petitioner's action [D.E. 21], pursuant to Federal Rule of Civil Procedure 59(e). Respondent filed her Response [D.E. 25] and Petitioner filed a Reply [D.E. 29]. According to the Federal Bureau of

Prisons (FBOP) website, Petitioner was released from the Federal Medical Center in Lexington, Kentucky on May 24, 2013.

**II. Standard of Review**

"Rule 59(e) motions serve a limited purpose and should be granted for one of three reasons: (1) because of an intervening change in controlling law; (2) because evidence not previously available has become available; or (3) because it is necessary to correct a clear error of law or prevent manifest injustice." *General Truck Drivers, Chauffeurs, Warehousemen & Helpers, Local No. 957 v. Dayton Newspapers, Inc.*, 190 F.3d 434, 445 (6th Cir. 1999) (Clay J., dissenting) (citations omitted). "A motion under Rule 59(e) is not intended to provide the parties an opportunity to relitigate previously decided matters or present the case under new theories." *Doe v. Patton*, 381 F. Supp. 2d 595, 604 (E.D. Ky. 2005) (citing *In re Larson*, 103 B.R. 896, 897 (Bankr. S.D. Ohio 1989)). The law is clear that Federal Rule of Civil Procedure 59 is not intended to allow a party to "rehash" old arguments. *Helton v. ACS Group*, 964 F. Supp. 1175, 1181 (E.D. Tenn. 1997) (citations omitted).

**III. Analysis**

Petitioner offers several reasons why the Court should alter or amend its previous Judgment. The Court finds that each of Petitioner's arguments were previously raised or "could, and should, have been made before judgment issued" and are,

therefore, not proper for relief under Rule 59(e). *Fed. Deposit Ins. Corp. v. World U., Inc.*, 978 F.2d 10, 16 (1st Cir. 1992) (citations omitted). Thus, while the Court does not find that any of the stated reasons constitute the change in controlling law, new evidence, clear error of law or manifest injustice necessary for altering or amending its previous Judgment, each of Petitioner's points will be discussed in turn.

Petitioner argues that mandatory supervised release (MSR) had not been created when he committed chargeable offenses, while also admitting that Department of Defense Instruction (DODI) 1325.7, which creates the MSR requirements, was in effect at the time of his confining offense. [D.E. 29, at 2]. The Court must first consider whether Department of Defense Instruction (DODI) 1325.7 is applicable to Petitioner. It is well established that MSR was created in 2001. *Moultrie v. Sec'y of the Army*, 723 F. Supp. 2d 1230, 1235 (C.D. Cal. 2010) ("The Department of Defense introduced MSR in 2001."); *Huschak v. Gray*, 642 F. Supp. 2d 1268, 1273 (D. Kan. 2009) ("MSR started in 2001."); *United States v. Pena*, 64 M.J. 259, 262 (A.F. Ct. Crim. App. 2005) ("In 2001, the DoD introduced an additional early release mechanism, the Mandatory Supervised Release program."). Petitioner's confining offenses occurred after 2001. [D.E. 1-1]. Petitioner argues that DODI 1325.7 is not applicable to him because the Under Secretary of Defense incorporated Change One

3

to the Instruction on June 10, 2003, after Petitioner committed his offenses. [D.E. 29, at 5]. Petitioner's argument, however, does not account for the changes actually made to the Instruction in 2003. Change One only changed the acknowledgement form that must be signed by prisoners convicted of sex offenses requiring registration, thereby leaving the substantive MSR provisions unchanged. DOD Instruction (DODI) 1325.7, *Administration of Military Correctional Facilities and Clemency and Parole Authority*, § 6.18.5.2 (2003).

The Instruction, as implemented in 2001, provided that "it shall be the policy of the Department of Defense to use supervised release in all cases except where it is determined by the Service Clemency and Parole Boards to be inappropriate," DODI 1325.7 § 6.20.1, and "[r]equires supervised release for prisoners not granted parole prior to their minimum release date." DODI 1325.7 § 1.4. Therefore, Petitioner is subject to the MSR requirements.

Petitioner next asserts that the United States Parole Commission (USPC) does not have jurisdiction over Petitioner or his sentence. [D.E. 23]. However, because Petitioner had been transferred to the FBOP, the USPC has power over Petitioner. DODI 1325.7 § 6.20.8 ("Military prisoners who have been transferred to the FBOP and are given early release through good time credits may be placed under mandatory supervision 'as if on

4

parole.' The U.S. Parole Commission will determine the terms and conditions of any such mandatory supervision."); Army Regulation 15-130, *Army Clemency and Parole Board*, Ch. 3 § 3-1(e)(9) (1998) ("Prisoners transferred to Federal facilities are under the control of the U.S. Parole Commission, unless otherwise designated in writing.").

Petitioner, for the first time in his Motion to Alter or Amend, asserts that his court martial plea of guilty was improvident because the military judge did not properly ensure that Petitioner understood he would be subject to registration as a sex offender. [D.E. 23, at 2]. While Petitioner is correct that *United States v. Riley* imposes this requirement on military judges, this precedent did not exist when Petitioner was sentenced. *See United States v. Riley*, 72 M.J. 115 (C.A.A.F. 2013). Furthermore, the case requiring that attorneys advise their clients that a guilty plea will subject them to sex offender registration requirements was not decided until 2006, and declared that the decision only applies to "cases tried later than ninety days after the date of this opinion." *United States v. Miller*, 63 M.J. 452, 459 (C.A.A.F. 2006). Therefore, the military judge and Petitioner's counsel complied with the law in effect at the time of Petitioner's guilty plea, and Petitioner's argument fails.

Petitioner next argues that Army Regulation 633-30 controls the computation of his sentence, and, therefore, his sentence, including any possibility of MSR, has terminated. Petitioner is correct, in so far as AR 633-30 controls the computation of his sentence. However, this does not lead to the conclusion that Petitioner has completed his sentence. The Court again emphasizes that serving until one's minimum release date, and serving the full term of one's sentence are fundamentally different concepts. Because good time credit or abatement is awarded does not mean that Petitioner's sentence was reduced. *See Fredenburg v. United States*, No. 2009-10, 2009 WL 4250099, at *3 (A.F. Ct. Crim. App. Nov. 9, 2009) ("[G]ood conduct time is not part of an adjudged sentence and is simply a collateral consequence of the petitioner's sentence."); *United States v. Pena*, 61 M.J. 776, 779 (A.F. Ct. Crim. App. 2005) ("MSR in DOD is not part of the adjudged sentence or approved sentence, and the period of supervision does not extend past a prisoner's maximum release date."); *see also United States v. Miller*, No. 2009-14, WL 2342422, at *2 (A.F. Ct. Crim. App. May 27, 2010) ("The petitioner was sentenced to 12 years of confinement . . . he has no reasonable right to expect that he will serve less than the approved sentence."). Rather, "[good conduct time] is considered an abatement of a sentence *to confinement*." *Huschak v. Gray*, 642 F. Supp. 2d 1268, 1274 (D. Kan. 2009) (emphasis

6

added). Thus, while Petitioner may no longer be subject to physical confinement, his sentence will only be terminated when he has served the entirety of his approved sentence, whether that be in confinement or on MSR.

Petitioner, for the first time, claims that his sentence was lengthened only by the application of DODI 1325.7-M, which did not take effect until 2004. The Petitioner, however, points to no evidence, and the Court finds none, that DODI 1325.7-M is being used to compute his sentence. Contrary to this claim, Petitioner was informed that AR 633-30 controlled the computation of his sentence, while DODI 1325.7 controlled the MSR requirements. [D.E. 16-4, at 126].

Finally, Petitioner sets out five reasons why his good conduct time was improperly forfeited. Two of the reasons, that requiring him to submit an MSR plan was not a proper requirement and that there was not an applicable regulation requiring him to submit an MSR plan, are flawed based upon the finding that Petitioner is subject to MSR, as discussed above.

Petitioner next claims his good conduct time was improperly forfeited because the Chairman of the Army Clemency and Parole Board (ACPB) does not have authority to issue an order under Article 92 of the Uniform Code of Military Justice (UCMJ). The ACPB has been given the power to oversee a system of parole by orders from the Secretary of the Army.

7

> Congress has authorized each military service Secretary to provide 'a system of parole for offenders who are confined in military correctional facilities.' 10 U.S.C. § 952. . . . Department of Defense Directive 1325.4, Confinement of Military Prisoners and Administration of Military Correctional Programs and Facilities (May 19, 1988) [hereinafter DOD Dir. 1325.4], requires each Secretary to establish a Clemency and Parole Board to assist the Secretary in executing his statutory clemency and parole responsibilities. The Secretary of the Army has issued AR 15-130, to implement the clemency and parole provisions of DOD Dir. 1325.4, including a delegation of clemency and parole authority to the Deputy Assistant Secretary of the Army . . . and establishing the Army Clemency and Parole Board to assist him in making clemency and parole determinations, and tailoring a parole plan for each parolee.

*United States v. Smith*, 44 M.J. 720, 724 (A. Ct. Crim. App. 1996). The ACPB is merely acting pursuant to power granted by the Secretary of the Army. Inherently, this gives the ACPB the power to issue orders pertaining to parole and MSR decisions.

Petitioner next claims that his good conduct time was improperly forfeited because he did all he could to comply with the order to submit an MSR plan. However, documents submitted to the Court belie this assertion. On two occasions, a Supervised Release Assistant stated that "Inmate Gonzales has continually fought the MSR system and continues to do so. I feel he will not cooperate with our efforts to locate suitable residence for his release. We should expect more hindrance than help from this inmate." [D.E. 16-1, at 21, 23]. Furthermore, in a July 20, 2010 memorandum, the same Supervised Release Assistant indicated that, rather than receive aid in preparing an MSR plan,

8

Petitioner "spent the entire interview addressing the MSR issue as a whole and how he should not be eligible for the program in the first place." *Id.* at 22.

Lastly, Petitioner argues that his good conduct time was improperly forfeited because he was denied due process when his good conduct time was forfeited based on a violation of Article 92 of the UCMJ. [D.E. 29, at 9]. Petitioner makes this conclusory statement, but does not attempt to support the assertion with any evidence. The Court notes that before having his good conduct time forfeited in 2010, Petitioner appeared in front of a three-member Disciplinary and Adjustment Board and signed an acknowledgement form stating that he understood he had the right to have an attorney present at the proceedings. [D.E. 16-3, at 96]. Thus, Petitioner's claim that his good conduct time was improperly forfeited is meritless.

## IV. Conclusion

Accordingly, for the foregoing reasons, **IT IS ORDERED** that Plaintiff's Motion to Alter or Amend [D.E. 22, 23] be, and the same hereby is, **DENIED.**

This the 5th day of September, 2013.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge